**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LUIS SALAZAR,** )<br>    Petitioner,    )<br>                          )<br>v.                        )<br>                          )<br>**JUDGE ANNE ASHBY, 134th District Court**)<br>    Respondent.    ) | 3:06-CV-0387-P<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of mandamus brought by a pro se litigant.

Parties: Petitioner presently resides in Dallas, Texas. Respondent is Judge Anne Ashby of the 134th District Court. The Court did not issue process, pending preliminary screening.

Statement of Case: Petitioner seeks to compel Judge Ashby to produce a copy of a tape or transcript of a hearing held in her court on June 13, 2005. He alleges that Judge Ashby violated his civil rights at the June 13, 2005 hearing, and that he is disabled and, thus, unable to pay for a copy of the transcript.

Findings and Conclusions: The Court has permitted Petitioner to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the pleadings in this case reflects that the only relief sought is mandamus against Judge Ashby. The petition specifically asserts that Judge Ashby has refused to provide him with a copy of the tape and/or transcript in question. Therefore, Petitioner's request for a writ of mandamus against Judge Ashby lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i). See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of mandamus be dismissed with prejudice as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

It is further recommended that Petitioner's motion for the appointment of counsel (docket

2

#5) be denied as moot.

A copy of this recommendation will be mailed to Petitioner.

Signed this 28th day of March, 2006.

                        PAUL D. STICKNEY
                        UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.